## 19108

James Esther THOMAS, Respondent-Appellant, v. William D. LEEKE, successor to Ellis C. MacDougall, Director of the South Carolina Department of Corrections, Appellant-Respondent.

(186 S. E. (2d) 522)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Emmet H. Clair, R. Evan Palmer, Asst. Attys. Gen.,* of Columbia, *for Appellant-Respondent.*

*Messrs. John W. Williams, Jr.,* and *John W. McIntosh,* of· Columbia, *for Respondent-Appellant.*

## ORDER

October 5, 1970.

*Per Curiam:*

The conviction and death sentence of the petitioner Thomas for the crime of rape were affirmed by this Court, *State v. Thomas,* 248 S. C. 573, 151 S. E. (2d) 855. He thereafter challenged his conviction and sentence in a *habeas corpus* proceeding in the circuit court and upon hearing, that court vacated the death sentence and remanded petitioner to the Court of General Sessions for Laurens County for re-sentencing "in accord with the provision of Code Sec. 16-72 as if the jury had recommended the defendant to the mercy of the court." From such holding only the State appealed, although Thomas appealed from certain other holdings.

This Court, in an opinion filed October 5, 1970, 186 S. E. (2d) 516, reversed only the vacation of the death penalty decreed by the circuit court. On June 28, 1971, upon its consideration of the prisoner's petition for writ of

*certiorari,* the Supreme Court of the United States granted the same and entered the following order,

"ON CONSIDERATION WHEREOF, it was ordered and adjudged on June 28, 1971, by this Court that the judgment of the Supreme Court of South Carolina, insofar as it imposes the death sentence, be reversed, *United States v. Jackson,* 390 U. S. 570, 88 S. Ct. 1209, 20 L. Ed. (2d) 138 (1968); *Pope v. United States,* 392 U. S. 651, 88 S. Ct. 2145, 20 L. Ed. (2d) 1317 (1968), and that this cause be remanded to the Supreme Court of South Carolina for further proceedings." *Thomas v. Leeke,* 403 U. S. 948, 91 S. Ct. 2291, 29 L. Ed. (2d) 860.

Our judgment reversing the circuit court on this issue having been thus reversed by the United States Supreme Court, the judgment of the circuit court is left of full force and effect. Pursuant, therefore, to the mandate of the Supreme Court of the United States and in accordance with the decree of the circuit court, the cause stands remanded to the Court of General Sessions for Laurens County for the purpose of resentencing Thomas in accord with the provision of Code Sec. 16-72, just as if the jury had recommended the said Thomas to the mercy of the court.